UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:                                            Case No.:   6:18-bk-05377-CCJ
                                                  Chapter 7

STONEBRIDGE CONTRACTING, LLC

          Debtors.
_____/

ARVIND MAHENDRU, CHAPTER 7                        Adv. Proc. No.
TRUSTEE FOR THE ESTATE OF
STONEBRIDGE CONTRACTING, LLC

          Plaintiff,
v.

HARMONY INTERIORS INC,
a Florida corporation,

          Defendant.
_____/

## COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFER

ARVIND MAHENDRU, as Chapter 7 Trustee for the Estate of Stonebridge Contracting, LLC ("Trustee" or "Plaintiff"), through counsel, hereby files this Complaint to Avoid and Recover Preferential Transfer against HARMONY INTERIORS INC., a Florida corporation ("Defendant"), pursuant to 11 U.S.C. §§ 547 and 550, and in support thereof, alleges as follows:

### NATURE OF ACTION

1.    This is an adversary proceeding seeking avoidance and recovery of preferential transfers pursuant to Sections 547 and 550 of the Bankruptcy Code.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. §§ 1334 and 157.

3.    Venue is proper in this district under 28 U.S.C. § 1409.

4.    This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157 (b)(2)(A) and (F).

## PARTIES

5.    Plaintiff is the Chapter 7 Trustee for the bankruptcy estate of Stonebridge Contracting, LLC.

6.    Defendant is a Florida corporation.  Its principal place of business is 105 Lisa Loop, Winter Springs, FL 32708. Its Registered Agent is Natalie Shena, 105 Lisa Loop Winter Springs, FL 32708.

## FACTUAL BACKGROUND

7.    On August 31, 2018 (the "Petition Date"), Stonebridge Contracting, LLC ("Stonebridge" or "Debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, Case No. 6:18-bk-05377-CCJ.

8.    Upon review of the Debtor's books and records, the Defendant received payments from the Debtor within the ninety (90) days prior to the Petition Date.

### *THE PREFERNTIAL TRANSFERS*

9.    During the ninety (90) days prior to the Petition Date, Debtor made payments to Defendant totaling in or around $72,091.10 (the "Preferential Transfers"), according to the Debtor's books and records.   See attached **Exhibit "A."**

10.    On January 16, 2019, Trustee, through counsel, demanded the return of the

Preferential Transfers from Defendant. A true and correct copy of the Trustee's demand for return of the Preferential Transfers is attached hereto as **Exhibit "B."**

11. Despite Trustee's demand for repayment, the Defendant has failed to return to Trustee the amount of the Preferential Transfers.

## COUNT I:

## AVOIDANCE OF PREFERENTIAL TRANSFER
### (11 U.S.C. § § 547 and 550)

12. Plaintiff realleges paragraphs 1 through 11 as if fully set forth herein.

13. On or within 90 days before the Petition Date, that is, between June 1, 2018 and August 20, 2018 (the "Preference Period"), the Debtor continued to operate its business affairs, including the transfer of property, either by checks, wire transfers, or otherwise to certain entities, including Defendant.

14. The Preferential Transfers were to or for the benefit of Defendant during the Preference Period in an amount not less than $72,091.10.

15. The Preferential Transfers were to or for the benefit of a creditor because the Preferential Transfers either reduced or fully satisfied a debt then owed by the Debtor to Defendant.

16. The Preferential Transfers were for or on account of an antecedent debt owed by the Debtor before the Preferential Transfers were made.

17. The Preferential Transfers constituted a transfer of an interest of the property of the Debtor.

18. The Debtor was insolvent at all times during the Preference Period.

19. As a result of the Preferential Transfers, Defendant received more than it would

have received if: (i) the Debtor's case were under Chapter 7 of the Bankruptcy Code; (ii) the Preferential Transfers had not been made; and (iii) Defendant received payment of its claims under the provisions of the Bankruptcy Code.

20.    The Preferential Transfers are avoidable and should be avoided, pursuant to 11 U.S.C. § 547.

21.    Pursuant to 11 U.S.C. § 550, Trustee is entitled to avoid the full amount of the Preferential Transfers, and recover, for the benefit of the estate, the amount of the Preferential Transfers.

WHEREFORE, the Trustee demands a judgment against Defendant as follows: (i) that the Preferential Transfers to Defendant were avoidable preferential transfers under 11 U.S.C. §§ 547 and 550; (ii) avoiding the Preferential Transfers pursuant to 11 U.S.C. § 547; (iii) entering a judgment in favor of the Trustee for the value of the amount transferred pursuant to 11 U.S.C. § 550, plus pre-judgment interest from the date of the Preferential Transfers and costs of the suit or recovery of the property transferred; and (iv) for any such further relief that this Court deems just and proper.

DATED: April 19, 2019.

/s/ Ryan E. Davis
RYAN E. DAVIS, Esquire
Florida Bar No.: 0179851
rdavis@whww.com
LAUREN M. REYNOLDS, Esquire
Florida Bar No.: 112141
Lreynolds@whww.com
**WINDERWEEDLE, HAINES, WARD & WOODMAN, P.A.**
PO Box 880
Winter Park, FL 32790-0880
Telephone: (407) 423-4246
Fax: (407) 645-3728
*Attorneys for Trustee*

## Exhibit "A"

| Date | Amount |
|------|--------|
| 6/05/18 | $1,200.00 |
| 6/22/18 | $1,440.00 |
| 6/25/18 | $6,670.00 |
| 6/25/18 | $10,855.65 |
| 6/27/18 | $3,037.00 |
| 7/02/18 | $2,750.00 |
| 7/11/18 | $1,904.40 |
| 7/17/18 | $2,750.00 |
| 7/18/18 | $6,100.00 |
| 7/24/18 | $887.50 |
| 8/02/18 | $1,904.40 |
| 8/02/18 | $1,000.00 |
| 8/02/18 | $2907.00 |
| 8/03/18 | $2,726.00 |
| 8/07/18 | $3,037.00 |
| 8/09/18 | $1,000.00 |
| 8/09/18 | $2,440.00 |
| 8/14/18 | $2,000.00 |
| 8/16/18 | $3,275.00 |
| 8/21/18 | $730.00 |
| 8/24/18 | $2,552.50 |
| 8/24/18 | $1,000.00 |
| 8/24/18 | $4,830.00 |
| 8/29/18 | $2,000.00 |
| 8/29/18 | $3,094.65 |
| **Total:** | **$72,091.10** |

# WINDERWEEDLE, HAINES, WARD & WOODMAN, P.A.

### ATTORNEYS AT LAW
MAIN TELEPHONE (407) 423-4246
WWW.WHWW.COM

Please Reply To:

Winter Park Office

Lauren M. Reynolds
Direct Dial: (407) 246-6566
E-mail: Lreynolds@whww.com

January 16, 2019

_**Via Certified Mail and U.S. Mail**_
Harmony Interiors, Inc.
37 N. Orange Ave., Suite 560
Orlando, FL 32801

9171 9690 0935 0074 7355 08

Re:    **In re: Stonebridge Contracting, LLC,
U.S. Bankruptcy Court, Middle District of Florida
Case No. 6:18-bk-05377-CCJ**

**DEMAND FOR PAYMENT**

Dear Sir/Madam:

This firm is counsel to Arvind Mahendru, the Chapter 7 Trustee of the bankruptcy estate of Stonebridge Contracting, LLC ("Trustee") in the bankruptcy case filed in the United States Bankruptcy Court for the Middle District of Florida, Orlando Division, Case No. 6:15-bk-05377. The Trustee has the authority to demand the return of certain funds qualifying as preferential payments within the context of 11 U.S.C. § 547(b) of the Bankruptcy Code.

United States Bankruptcy Code § 547(b) provides that, with certain exceptions, any transfer of a debtor's interest in property (including cash) made to or for the benefit of a creditor for or on account of an antecedent debt owed by the Debtor while it was insolvent, with such payment or transfer having been made within ninety (90) days before the petition date, and which enables such creditor to receive more than if the transfer had not been made or such creditor received payment of such debt to the extent provided by the provisions of this title, is a "preference" or an "avoidable transfer" which can be avoided during the bankruptcy case.

The Statement of Financial Affairs filed by the Debtor in this bankruptcy case lists payments which were made by the Debtor within the ninety (90) days preceding the date that the petition initiating this Chapter 7 case was filed on August 31, 2018 (the "Petition Date"). Harmony Interiors, Inc. ("Harmony Interiors") was listed as having received one or more payments by the Debtor during this period of time.

The Debtor's books and records indicate that Harmony Interiors received a total of

ORLANDO, FLORIDA
1500 BANK OF AMERICA CENTER
390 NORTH ORANGE AVENUE 32801
POST OFFICE BOX 1391 32802-1391
FAX (407) 423-7014


**EXHIBIT**
_B_

WINTER PARK, FLORIDA
329 PARK AVENUE, NORTH 32789
SECOND FLOOR
POST OFFICE BOX 880 32790-0880
FAX (407) 645-3728

Harmony Interiors
January 16, 2019
Page 2

$72,091.10 (hereinafter referred to as "the Preference Amount") in payments from the Debtor during the ninety (90) days prior to the Petition Date, and the total of such payment(s) is a "preference" avoidable under 11 U.S.C. §547(b).

When a preference payment is avoided, the total amount of the payment must be returned to the bankruptcy estate of the debtor. The total amount of the preference can be voluntarily returned by the recipient of the preference, or the trustee of the Debtor's bankruptcy estate may initiate a lawsuit to force the return of the property to the bankruptcy estate for equitable distribution to all creditors with allowed claims and for administration of the bankruptcy estate.

**Therefore, the Trustee hereby demands that Harmony Interiors return the total Preference Amount to the Debtor's bankruptcy estate within fifteen (15) days of the date of this letter.** Failure to repay the Preference Amount to the bankruptcy estate within fifteen (15) days may result in a lawsuit being filed against you for the entire amount of the Preference Amount, plus interest from the date of this demand letter. Recognizing the costs and fees associated with litigation, the Trustee is willing to accept a payment of ninety percent (90%) of your preference amount in full satisfaction of the claim if you forward payment within fifteen days of the date of this letter.

**The voluntary return of the Preference Amount should be made payable to "*Estate of Stonebridge Contracting, LLC,*" and must be received by the undersigned within fifteen (15) days of the date of this letter.** Your payment should be mailed to the following address:

Lauren M. Reynolds, Esquire
Winderweedle, Haines, Ward & Woodman, P.A.
P.O. Box 1391
Orlando, FL  32802-1391

Should you have any questions regarding the foregoing, please consult your own attorney. You may contact me directly by email at Lreynolds@whww.com.

Sincerely,

Lauren M. Reynolds

LMR/lmw

# WINDERWEEDLE, HAINES, WARD & WOODMAN, P.A.

### ATTORNEYS AT LAW

MAIN TELEPHONE (407) 423-4246
WWW.WHWW.COM

Please Reply To:

Winter Park Office

Lauren M. Reynolds
Direct Dial: (407) 246-6566
E-mail: Lreynolds@whww.com

January 18, 2019

***Via Certified Mail and U.S. Mail***
Harmony Interiors, Inc.
37 N. Orange Ave., Suite 560
Orlando, FL 32801
   9171 9690 0935 0077 1430 58

Re:      **In re: Stonebridge Contracting, LLC,
U.S. Bankruptcy Court, Middle District of Florida
Case No.  6:18-bk-05377-CCJ**

       **CORRECTION TO MAILING ADDRESS INFORMATION IN DEMAND
FOR PAYMENT DATED JANUARY 16, 2019**

Dear Sir/Madam:

This letter is in follow up to my prior correspondence dated January 16, 2019, demanding return of the Preference Amount, as defined therein, to the bankruptcy estate of Stonebridge Contracting, LLC. A copy of that correspondence is enclosed for your reference.

I am writing to correct the mailing addressing information contained in that letter. Please be advised that your payment should be mailed to the following address:

Lauren M. Reynolds, Esquire
Winderweedle, Haines, Ward & Woodman, P.A.
**P.O. Box 880**
**Winter Park, FL 32790-0880**

Thank you for your attention to this matter.

Sincerely,

Lauren M. Reynolds

LMR/lmw

ORLANDO, FLORIDA
1500 BANK OF AMERICA CENTER
390 NORTH ORANGE AVENUE 32801
POST OFFICE BOX 1391 32802-1391
FAX (407) 423-7014

WINTER PARK, FLORIDA
329 PARK AVENUE, NORTH 32789
SECOND FLOOR
POST OFFICE BOX 880 32790-0880
FAX (407) 645-3728